**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CATHY DE JESUS,

    Plaintiff,

CASE NO.:

vs.

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership,

    Defendant.

_____/

## **DEFENDANT WAL-MART STORES EAST, LP'S PETITION FOR REMOVAL**

**COMES NOW** Defendant, WAL-MART STORES EAST, LP, a Delaware Limited Partnership ("Defendant" or "WAL-MART"), by and through its undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, where the same is now pending as Case No. 2023-CA-002966 to this Court. Removal is proper on the following grounds:

1. The Plaintiff, CATHY DE JESUS, commenced a civil action in the Eighteenth Judicial Circuit in and for Seminole County, Florida, styled, "*CATHY DE JESUS vs. WAL-MART STORES EAST, LP*, a Foreign Limited Partnership," Case No. 2023-CA-002966. *See* Plaintiff's Complaint in the State Court Action attached hereto as **Exhibit "A"**.

1

2. Plaintiff served the Summons and Complaint in this case on Defendant WAL-MART on or about March 22, 2023. *See* Service of Process attached hereto as **Exhibit "B"**.

3. In pertinent part, Plaintiff's Complaint against WAL-MART is for claims sounding in negligence arising out of injuries the Plaintiff allegedly sustained arising from an incident on the premises of the subject Wal-Mart store on or about October 9, 2020, located at 1239 State Road 436, Suite 101, Casselberry, Seminole County, FL 32707.

4. Pursuant to Sections 1332, 1441(b), and 1446 of Title 28 of the United States Code, Defendant, WAL-MART, hereby removes this action in the Eighteenth Judicial Circuit in and for Seminole County, Florida, styled, "*CATHY DE JESUS vs. WAL-MART STORES EAST, LP*, A Foreign Limited Partnership," Case No. 2023-CA-002966.

5. Removal is proper and appropriate under 28 U.S.C. §1332, which allows for District Court jurisdiction over, "all civil action where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

## Grounds for Removal

6. Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where

the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000.00". Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction). As set forth below, this action satisfies both of these jurisdictional requirements.

### Diversity of Citizenship

7.     Diversity of citizenship exists in this case because, among other reasons, this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (citation and quotations omitted).

8.     According to the Plaintiff's Complaint, the Plaintiff is a resident of Seminole County, Florida. *See* the Complaint attached hereto as Exhibit "A" at ¶ 2. The Plaintiff possesses a valid State of Florida-issued Driver's License, is registered to vote in Seminole County, and is a citizen of Seminole County. *See* Plaintiff's Responses to Defendant's Request for Admissions attached hereto as **Exhibit "C"** at ¶ 2, 4, 6 and 9". The Plaintiff also previously possessed a valid

fishing license from the State of Florida and does not possess any state-issued driver's license from any other State and Plaintiff's residence is subject to Florida's Homestead Exemption. *Id*. at ¶ 7, 10, and 14.

9.  Defendant Wal-Mart Stores East, LP, at all relevant times, was and still is a Delaware Limited Partnership with its principal place of business in Arkansas. *See* Sunbiz Report attached as **Exhibit "D-1"**. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. *See* Sunbiz Reports for WSE Management, LLC and WSE Investment, LLC attached to **Exhibit "D-2"**. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

10. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed, and presently, is incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores

4

East, LLC; and Wal-Mart Stores, Inc.) is and was at the time of filing the Complaint, Bentonville, Arkansas.

11.    Because Plaintiff is a citizen of the State of Florida, and the principal place of business of Defendant WAL-MART is located in the State of Arkansas, there can be no dispute that the citizenship of the Parties is diverse.

## Amount in Controversy

12.    Second, this action satisfies the amount in controversy requirement for purposes of removal, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. A district court may also consider any pre-suit settlement offers and demands in evaluating whether a case is removable. Katz, 2009 1532129, at *4 (citation omitted).

13.    Although Plaintiff's Complaint fails to assert a specific value of the requested relief, Plaintiff, in fact, seeks to recover damages exceeding $75,000.00. In support of this posture, Plaintiff admitted in her Response to Defendant's Request for Admissions that the matter in controversy exceeds the sum or value of $75,000.00 for injuries and damages allegedly incurred from the incident in

question. *See* Plaintiff's Response to Defendant's Request for Admissions *supra* at ¶ 1. Indeed, Defendant believes that this issue is uncontested.

14. Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because the citizenship of the parties is diverse, this action provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

15. A copy of the State Circuit Court Docket Sheet is attached hereto as **Exhibit "E"**.

16. Copies of the State Circuit Court filings are attached hereto as Composite Exhibit **"F-1" through "F-26"**. It should be noted that the Plaintiff initially filed this action incorrectly in Circuit Court Brevard County. The action was subsequently transferred from Brevard County to Seminole County

### Venue

17. Plaintiff's action is pending in State Court in Seminole County, Florida, which is within this judicial district and division. *See* 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

### Timeliness

18. WAL-MART served its Request for Admissions on the issue of federal diversity jurisdiction to Plaintiff on August 15, 2023, and Plaintiff filed her response on September 21, 2023. See *supra* at **Exhibit "C"**. Defendant has sought

removal within thirty days from the date that Plaintiff unambiguously confirmed that she is a citizen of the State of Florida and that the amount in controversy, the sum or value of her injuries and damages exceeds $75,000.00.

19.  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C § 1446(b) (3). *See also Rodriguez v. BJ's Restaurants, Inc.*, 2023 WL 4991765 (United States District Court, S.D. Florida – August 4, 2023).

20.  In *Rodriguez, BJ's Restaurants, Inc.* BJ's filed a second notice of removal on the basis of Plaintiff's filing of Amended Answers to Interrogatories, in which Plaintiff conceded that the amount in controversy exceeds $75,000.00. The second notice of removal was filed on May 16, 2023; almost 1 year after Plaintiff initially filed her Complaint, June 30, 2022.

21.  In its reasoning, the *Rodriguez* Court held that in the aforementioned statute, in assessing the propriety of the removal, the court considers the document received by the defendant from the plaintiff, albeit, the initial complaint or a "later received paper" and then determines whether that document and the notice of removal unambiguously establishes federal jurisdiction. *Id.* at *2. Because the Complaint did not unambiguously establish federal jurisdiction, it didn't trigger

the thirty-day clock. *See also Lowery v. Ala. Power* Co., 483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis added).

22. The *Rodriguez* Court further reasoned that the removal clock may well have started to run on February 27, 2023, when Rodriguez "amended her responses to the Requests for Admissions", admitting that the amount in controversy exceeded $75,000.00, albeit in unverified form. *Id.* at *3.

23. In our case, Plaintiff's domicile/citizenship for purposes of diversity was not conclusively established until Plaintiff admitted in her responses to Defendant's request for admissions that she (1) possessed a State of Florida Driver's License; (2) did not possess a state-issued driver's license in any other state; (3) that plaintiff resided and was a permanent resident of the State of Florida; (4) that plaintiff previously possessed a State of Florida fishing license; (5) that Plaintiff's residence is subject to Florida's Homestead Exemption; (6) that the amount in controversy exceeds the sum or value of $75,000.00 for the injuries and damages allegedly incurred as a result of the subject incident; and (7) that Plaintiff was registered to vote in the State of Florida and not registered to vote in any other State.

24. There was no "other paper" available to conclusively establish the federal diversity of Plaintiff until after Plaintiff filed her Responses to Admissions on September 21, 2023.

25. Accordingly, this Notice of Removal is timely filed.

## Notice

26. As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to Plaintiff and will file a copy of it with the clerk of the state court.

## Conclusion

For the foregoing reasons, Defendant, WAL-MART STORES EAST, LP, a Delaware Limited Partnership, respectfully requests that this action, previously pending in the Circuit Court of the 18th Judicial Circuit in and for Seminole County Florida, be removed to this Court and that this Court proceed as if this case had been originally initiated in this Court.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, a Delaware Limited Partnership, by and through its undersigned attorneys, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated: October 23, 2023

>*/s/ Frank L. Madia, Esq.*
>FRANK L. MADIA, ESQ.
>Florida Bar No: 1022878
>MARSHALL DENNEHEY
>315 E. Robinson Street, Suite 550
>Orlando, FL 32801-2719
>Telephone: (407) 420-4393
>Facsimile: (407) 839-3008

              flmadia@mdwcg.com
              dthill@mdwcg.com
              eirobles@mdwcg.com
              aksilverstein@mdwcg.com
              *Attorneys for Defendant, WAL-MART STORES EAST, LP*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on <u>October 23, 2023</u>, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

David Evelev, Esq.
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road
Suite 300
Orlando, FL 32819
david.evelev@newlinlaw.com
evelev.pleadings@newlinlaw.com

              MARSHALL DENNEHEY

              By: <u>/s/ *Frank L. Madia*</u>
                  FRANK L. MADIA, ESQ.